UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| In re Application of<br><br>**EMMANUEL N. LAZARIDIS,**<br><br>Petitioner. | Civil Action No. 10-29 (FLW)<br><br>**OPINION AND ORDER GRANTING RESPONDENT'S MOTION TO QUASH** |

Presently before this Court is a motion brought by Respondent, the Bring Sean Home Foundation ("BSHF"), to quash the subpoena *duces tecum* served by Petitioner Emmanuel Lazaridis ("Lazaridis") that was issued pursuant to 28 U.S.C. § 1782 (the "Subpoena"), which grants federal district courts authority to assist in the production of evidence for use in a foreign or international tribunal. [Docket Entry No. 6]. BSHF requests that the Court issue a protective order preventing Lazaridis from obtaining the requested discovery and to impose monetary sanctions. The Court decides this motion on the papers and without oral argument, pursuant to Federal Rule of Civil Procedure 78. For the reasons set forth below, the Court grants Respondent's motion to quash the Subpoena and for a protective order, but denies its request for sanctions.

**I.     BACKGROUND**

   **A.     The Subpoena**

Lazaridis commenced this matter on April 12, 2010 by filing an *ex parte* application for discovery pursuant to 28 U.S.C. § 1782. [Docket Entry No. 1]. On that same date, Lazaridis also filed an application to proceed *in forma paupris*, which was granted on June 30, 2010. [Docket Entry No. 2]. On August 6, 2010, this Court issued an Order allowing Lazaridis to serve a subpoena *duces tecum* for the production of certain information from BSHF. [Docket Entry No. 3]. The

Subpoena requests four general categories of information from BSHF: (1) all documents, as that term is broadly defined in the Subpoena, concerning Lazaridis; (2) all documents concerning members of the BSHF website with the user names *forthelost*, *KatiMurphy*, *carlos*, *jl2saint*, *KarlHindle*, *Audax*, *Bob d'Amico*, *JosephCricket*, *Bree* and *lovelboys*; (3) all documents concerning the National Centre for Missing in Europe Children; and (4) all documents concerning certain defined BSHF messages, including authorization logs, error logs, download logs, and other electronic documents concerning access to the BSHF messages, regardless of the means employed. Lazaridis Brief in Support of Application for Subpoena ("Lazaridis Brief") at Exhibit A [Docket Entry No. 1].

B. **BSHF**

BSHF is a non-profit organization incorporated in the State of New Jersey. BSHF Brief in Support of Motion to Quash ("BSHF Brief") at 2 [Docket Entry No.6-1]. BSHF provides assistance to victims of international child abduction, educates the public about international child abduction, works to prevent future abductions, and draws attention to the number of cases that currently exist, with the goal of returning abducted children to their home countries and reuniting them with their left-behind parents. Id. BSHF indicates that it has no active employees and is run on a part-time, volunteer basis. Id. at 23. BSHF maintains a public website that contains as many as 41 message forums with thousands of individual posts. Id. at 16.

C. **The Foreign Action**

Lazaridis alleges that he is a complainant and civil participant in a Greek criminal prosecution ( the "Greek Prosecution") for libel and slander, pending against several United States citizens before the Three-Member Magistrates Court of Athens ("TMMCA"). Lazaridis Brief at 2 [Docket Entry No. 1]. He contends that the requested documents will show that his reputation has

been harmed, and that such a showing is necessary to assist the TMMCA and other Greek investigative authorities in determining the measure of harm, damages, and relief that would be appropriate in the Greek Prosecution.  Id. at 14, Exhibit A.  In short, Lazaridis asserts that the TMMCA has the power to award damages to victims of criminal activity and to bar further criminal violations against those victims, and that the information sought is needed to fashion those remedies. Id.  Lazaridis also claims that as the complainant-victim, he has significant procedural rights to aid in the investigation and prosecution of the individuals charged in the Greek Prosecution.  Id. at 3.

### D. Issuance of the Subpoena

This Court granted Lazaridis's *ex parte* petition to serve a subpoena on BSHF. [Docket Entry No. 3].  Because the application was made *ex parte*, the Court allowed the Subpoena to be served but reserved judgment as to the propriety of the substance of the Subpoena under the discretionary factors articulated by the Court in Intel Corp. v. Advanced Micro Devices, Inc., 428 F. Supp.2d. 188, 192 (S.D.N.Y. 2006).   The Court  further provided that it would consider any objections raised by BSHF after the Subpoena was properly served.  Id.  As such, the Court made no determination regarding the nature of the foreign action, the relevance of the information sought, or the burden on BSHF.  Id.

After being served, BSHF filed the instant motion to quash the Subpoena.

## II. DISCUSSION[1]

BSHF contends that the Subpoena is unduly burdensome under Federal Rule of Civil

---

[1] BSHF argues that the Fugitive Disentitlement Doctrine ("FDD") bars Lazaridis from obtaining the requested documents. The Court notes that the parties extensively briefed this issue particularly with regard to whether Lazaridis is a fugitive for purposes of the FDD.  Given the Court's determination that the Subpoena should be quashed under Rule 45, the Court does not need to resolve Lazaridis's legal status under the FDD.

3

Procedure 45, and that the burden constitutes harassment and annoyance. BSHF Brief at 1 [Docket Entry No. 6-1]. Rule 45 allows a party served with a subpoena to move to quash or modify that subpoena if the discovery requested subjects the person to an undue burden. Fed. R. Civ. Pro. 45(c)(3)(A)(iv). An undue burden exists when the subpoena is "unreasonable or oppressive." Schmulovich v. 1161 Rt. 9 LLC, 2007 WL 2362598 at *4 ( D.N.J. 2007). There is no "strict definition of unreasonable or oppressive" and courts have used several factors in determining a subpoena's reasonableness: (1) the party's need for the production; (2) the nature and importance of the litigation; (3) the relevance of the material; (4) the breadth of the request for production; (5) the time period covered by the request; (6) the particularity with which the documents are described; and (7) the burden imposed on the subpoenaed party. Id. On a motion to quash, it is the moving party's burden to demonstrate that the subpoena is burdensome and unreasonable. Id.

BSHF also argues that the Court should issue a protective order pursuant to Federal Rule of Civil Procedure 26, barring Lazaridis from obtaining the information sought from BSHF. Id. Under Rule 26, "a court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." Fed. R. Civ. P. 26(c)(1). In a case where the responding party can adequately show specific facts or injury, a court may issue a protective order forbidding the disclosure or discovery. See Glenmede Trust Co. v. Thompson, 56 F.3d 476 (3d Cir. 1995).

### A.     Argument of the Parties

BSHF argues that the Subpoena should be quashed for several reasons: (1) Lazaridis does not need the documents, (2) he overstates the nature of the Greek Prosecution, (3) the documents sought are not relevant to the Greek Prosecution, (4) the request is overly broad, (5) there is no time

limitation, and (6) the request is unduly burdensome.

BSHF first asserts that Lazaridis has no legitimate need for the documents, given that much of the information is publicly available, and the back up information Lazaridis requests is not available in readable format from the BSHF server. BSHF Brief at 15-16. It contends that its website includes 41 forums, each containing thousands of posts that are searchable by anyone with internet access. Id. at 16. BSHF represents that these messages cannot be printed in readable format from their database because the software they use stores the data in Structured Query Language ("SQL"), which can only be read by printing individual forum pages as displayed online. Id. BSHF then asserts that it retains error logs for a period of only six months. Id. at 20. All other backup information is routinely erased. Id. Further, email is deleted from the server once it is downloaded, and each member of BSHF utilizes a private email address not owned or verified by BSHF, because of the non-profit nature of the organization. Id.

BSHF also states that Lazaridis fails to show whether the Greek authorities are aware of his request or are in favor of receiving the documents for use in the Greek Prosecution. Id. at 23. It points out that the Greek Prosecution is against Ernie Allen and several other individuals, not BSHF or any of the members listed in the Subpoena, and relates to defamatory statements allegedly issued by Mr. Allen and the other parties, not by BSHF or its members. Id. at 23. BSHF argues that the Subpoena is only intended to harass the organization and has no legitimate legal purpose. BSHF supports this argument by pointing to numerous other cases, including cases against BSHF members, that Lazaridis has filed in the United States. Id. at 2, 21; BSHF Supplemental Letter Dated February 7, 2011 ("BSHF Letter") [Docket Entry 13] at 2.

BSHF next argues that the nature and importance of the Greek Prosecution is diminished

5

because Lazaridis has instituted this proceeding and all of the other cases referred to by BSHF, only to challenge his alleged fugitive status in the United States, which is the result of a warrant issued for the alleged abduction of his daughter and his subsequent flight from this country. BSHF Brief at 18. BSHF argues that these suits and proceedings were initiated from Greece so that Lazaridis could attack his alleged fugitive status without having to return to the United States, thus remaining beyond the reach of the United States courts. Id. at 19.

BSHF also contends that the documents Lazaridis seeks are not relevant to the Greek Prosecution, and Lazaridis therefore has no legitimate need for them. Id. at 20. BSHF argues that "[i]t is the act of making and spreading [defamatory] facts that the parties are being prosecuted for and it is wholly irrelevant whether or not others on a public internet forum, unrelated to the original act of dissemination, commented or discussed these allegedly false facts." Id. 20-21.

BSHF next asserts that the request is "extremely broad, unconstrained by time, and undiscriminating in its description" of the documents sought. Id. at 22. It argues that Lazaridis does not request particular messages posted on a given day, but rather requests an entire universe of documents relating to certain members. Id. Further, Lazaridis wants not only the messages, but the underlying electronic data relating to those posts, with no description of the particular information for which he is searching. Id.

BSHF also expresses a concern that disclosing the documents may run afoul of the First Amendment. BSHF has a privacy policy which states that private e-mail addresses, names, ISPs, and telephone numbers will not be provided to third parties. Id. at 17. BSHF asserts that requiring it to disclose the individual names and ISP addresses of the anonymous posters would constitute a violation of that policy. Id. Lazaridis would have to show a compelling need for the information

6

in order to overcome the First Amendment protection that attaches to the postings and BSHF contends that he has made no such showing. Id. at 15-17.

Finally, BSHF argues that the Subpoena is unduly burdensome. Id. at 23. According to its estimates, Lazaridis seeks production of approximately 73,000 documents that would require 70 to 80 hours of full time work to gather. Id. BSHF asserts that as a non-profit organization with no active full time employees and only part-time volunteer staff, it would be impossible for BSHF to search for and produce the documents. Id. BSHF further argues that because of the non-profit nature of the organization, hiring an outside company to conduct the search is cost prohibitive and therefore not feasible. Id. at 24.

In response, Lazaridis claims that the documents are needed in the Greek Prosecution to identify persons who have read and may have been influenced by the allegedly defamatory statements. Lazaridis Brief at 3. Lazaridis asserts that his need directly corresponds to the nature and importance of the underlying Greek Prosecution, and further asserts that this Court cannot make any determinations as to the merits of the underlying action. Id.; Lazaridis Brief in Opposition to the Motion to Quash ("Lazaridis Opposition Brief") at 4. He also argues that the TMMCA requires the information in order to measure damages. Id.

Lazaridis also refutes BSHF's contention that the Subpoena is burdensome. He states that his request does not encompass 73,000 documents, but rather only approximately 15 to 20. Id. at 21. He also claims that there are no time limitations in the Subpoena because BSHF only came to existence in 2009. Id. at 23. Additionally, he argues that the database can be produced in non-readable format because the SQL software to read the code is publically available. Id. Lazaridis further asserts that he reasonably believes that not all the documents he seeks are public, and that

7

some of them are in fact private.  Id. at 7.

    **B.**    <u>**Analysis**</u>

Section 1782(a) provides that a federal district court "in which a person resides or is found may order him . . . to produce a document or other thing for use in a proceeding in a foreign or international tribunal, including criminal investigations conducted before formal accusation."  28 U.S.C. § 1782(a).  In determining whether to grant a § 1782 application, a court must determine whether "(1) the person from whom discovery is sought resides or is found in the district where the action has been filed, (2) the discovery sought is for use in a proceeding before a foreign tribunal, and (3) the application is made by the foreign or international tribunal or 'any interested person.'"  <u>In re Application of Microsoft Corp.</u>, 428 F. Supp.2d. 188, 192 (S.D.N.Y. 2006). Additionally, a court can consider four discretionary factors in deciding whether to grant a § 1782 application: (1) whether the person from whom discovery is sought is a participant in the foreign proceeding, such that the discovery is accessible without the aid of § 1782; (2) the nature of the foreign tribunal, the character of the foreign proceedings, and the receptivity of the foreign government or court to accept U.S. federal court assistance; (3) whether the § 1782 request conceals an attempt to circumvent foreign proof gathering restrictions; and (4) whether the subpoena is unduly burdensome.  Id. at 193-93, <u>citing</u> <u>Intel Corp., v. Advanced Micro Devices</u>, 542 U.S. 241, 264-65 (2004).

In making the § 1782 request, Lazaridis had the burden to show that the Subpoena should issue. <u>Intel Corp., v. Advanced Micro Devices</u>, 542 U.S. 241, 264-65 (2004).  He now argues that BSHF, as the moving party, has the burden to show that the Subpoena should be quashed and that it has not met that burden.  Lazaridis Opposition Brief at 2.  The Court finds that BSHF has met its burden by showing that the Subpoena is unreasonable and burdensome, and Lazaridis has failed to

8

convince this Court otherwise.

Initially, the Court agrees with BSHF that Lazaridis has offered essentially no factual information regarding the nature and importance of the Greek Prosecution. Additionally, Lazaridis offers no explanation as to how the information requested is relevant to the Greek Prosecution, other than his own unsupported statement that the TMMCA could use the information to determine damages. Lazaridis Brief at 3. He has submitted conclusory and vague statements claiming that he has significant procedural rights in the Greek Prosecution, again without support. Lazaridis Brief at 20. The Court notes that at least one United States District Court has made findings regarding the nature of Greek criminal proceedings that are contrary to Lazaridis's contentions. See Lazaridis v. International Centre for Missing and Exploited Children, Inc., et al., 2011 WL 180033 (D.D.C. Jan. 20, 2011). In International Centre, the court found that a Greek criminal action is conducted at the sole discretion of the public prosecutor, and the prosecutor may obtain documents from a legal person or authority in the United States through "a well established mechanism of Mutual Legal Assistance." Id. at *3 (internal citations omitted). In addition, a private citizen filing a criminal complaint cannot request the public investigator to collect evidence on the criminal court's behalf. Id. Further, the governing treaty between the United States and Greece "does not give the right to any private person to obtain evidence." Id. (internal citations omitted). It is therefore clear that as a private complainant, Lazaridis would not have the right to demand that the public investigator seek this information nor would he have the right to depose parties in the underlying action. In this matter, the record does not reflect that the TMMCA or the prosecutor has ever requested any of the information that Lazaridis seeks, although they have the ability to do so.

In addition, Lazaridis' need for the documents remains unclear at best. BSHF has suggested

that Lazaridis may actually be seeking these documents for purposes other than use in the Greek Prosecution. BSHF Brief at 21. By Lazaridis's own admission, there are other pending actions in Greece in which this information may be relevant. Lazaridis Opposition at 21. Other than mentioning them in passing, however, Lazaridis provides no information concerning those other actions because he claims it is not necessary. Id. The Court finds this troubling. In his § 1782 application, Lazaridis represented to the Court that the information is needed and relevant to a specific criminal action, and then, in his opposition to this motion, he makes vague references to additional cases for which he might use the documents. Id. Based on this record, the Court cannot determine what Lazaridis's need is for these documents, and whether it is actually for use in the Greek Prosecution or for some other purpose.

The Court also finds that the breadth of the request is great and intrusive. There is no time limitation to the request, and Lazaridis does not limit the request to a specific post or posts by any of the listed user names. BSHF Brief at 22. Further, it is apparent that the postings themselves are publically available, and that BSHF does not keep the messages in readable format, other than what is publically posted on the internet. Although Lazaridis claims in one of his submissions that he only seeks 12 to 15 messages, and not 73,000 pages, he later makes the argument that the entire database can be produced in any format because software to convert it into readable text is available to him. Either way, the burden on BSHF is not alleviated. BSHF states that it does not have the capability to read the data itself and would have to produce thousands of pages of code in unreadable SQL format because it would have no reasonable way to determine which pages pertain to the messages Lazaridis requests. Requiring BSHF to make such a production puts a severe burden on BSHF, when Lazaridis can obtain the posts themselves by searching the internet.

Furthermore, Lazaridis has not shown that he cannot obtain the information from other sources, without imposing this burden on BSHF. In fact, by their submissions dated January 20, 2011 and February 7, 2011, the parties have shown that Lazaridis has in fact identified at least two of the BSHF website users and has served separate subpoenas on them. Lazaridis January 20, 2011 Letter [Docket Entry No. 14] and BSHF February 7, 2011 Letter [Docket Entry No. 13].

Finally, the Court finds that BSHF has raised serious concerns with regard to the First Amendment implications that would arise were it to provide private e-mail addresses, names, and ISP addresses to a third party. BSHF has a privacy policy that informs members of the website that their private information will be protected. Courts have held that anonymous speakers posting on the internet are afforded First Amendment protections, and a party seeking disclosure of the speaker's identity must show a compelling need for the discovery, such that the need outweighs any First Amendment right. See McVicker v. King, 266 F.R.D. 92, 96-98 (W.D.Pa. 2010)(denying the motion to compel user information sought through a non-party subpoena, finding that an internet poster's expectation of privacy merits protection under the First Amendment, and disclosure should only be allowed in narrow circumstances). A BSHF poster's privacy, therefore, should be protected absent a showing of compelling need. Lazaridis has not made that showing, especially in light of the fact that the issue before the Greek court is alleged defamation by Mr. Allen, not by BSHF.

The cost and burden to BSHF, when weighed against the lack of a showing of actual need or relevance of the information sought, coupled with the First Amendment rights that are necessarily implicated, leads this Court to conclude that enforcement of the Subpoena would create an undue burden on BSHF. Therefore, the Court grants BSHF's motion to quash the Subpoena.

The Court notes that BSHF also seeks sanctions against Lazaridis for what it calls "harassment

11

and annoyance." BSHF Brief at 1. This issue was not briefed by either party and the Court finds that BSHF has not established a basis for sanctioning Lazaridis. Accordingly, that portion of the motion is denied.

### III.    CONCLUSION AND ORDER

For the reasons set forth above, and for good cause shown.

**IT IS** on this **1st** day of **September, 2011,**

**ORDERED** that BSHF's motion to quash the Subpoena and for a protective order [Docket Entry No. 6] is **GRANTED;** and it is further

**ORDERED** that BSHF's motion for sanctions is **DENIED**.

                **LOIS H. GOODMAN**
                **United States Magistrate Judge**